# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

DANIELLE JOHNSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. CV 10-1177 (SH)

MEMORANDUM DECISION
AND ORDER

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and for Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief with Points and Authorities in Support of Remand

or Reversal ["Plaintiff's Brief"]; Defendant's Memorandum of Points and Authorities in Opposition to Reversal or Remand of the Commissioner's Final Decision), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On January 18, 2007, plaintiff Danielle Johnson filed an application a period of disability or Disability Insurance Benefits. On January 19, 2007, plaintiff filed an application for Supplemental Security Income. Both applications alleged an inability to work since December 12, 2003, due to Reflex Sympathetic Dystrophy and Complex Regional Pain Syndrome. (See 1 Administrative Record ["AR"] 129-84). On August 4, 2009, an Administrative Law Judge ("ALJ") found that plaintiff was not disabled within the meaning of the Social Security Act. (See 1 AR 6-16).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see 1 AR 1-3 ), plaintiff filed this action in this Court.

**ISSUE NOS. 1 AND 2:**

Plaintiff asserts that the ALJ improperly determined that plaintiff could perform her past relevant work as a receptionist, because (a) the ALJ did not consider the physical and mental demands of that work as actually performed and (b) such work was inconsistent with the job description contained in the Dictionary of Occupational Titles. Defendant argues that the ALJ properly found that plaintiff could perform such work.

In the Decision, the ALJ initially found that plaintiff had the following severe impairments: pain disorder and mild foot drop. (AR 14).

The ALJ subsequently found that plaintiff had the following residual functional capacity ("RFC")[1]:

> . . . [T]he claimant has the residual functional capacity to perform light work . . . . in that she can lift/carry up to 10 lbs. frequently and 20 lbs. occasionally;

---

[1] The RFC is the most a claimant can do despite his or her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a).

occasionally push and pull with the left upper extremity and left lower extremity; occasionally balance, climb, bend, stoop, kneel, squat, and balance; but she cannot climb ladders, ropes or scaffolds; she can occasionally grip and grasp with the left upper extremity; and she should avoid extreme cold/heat/vibrations, machinery, and heights. (AR 14).[2]

The ALJ subsequently found that plaintiff could perform her past relevant work as a receptionist:

> The claimant indicated in her work history and testimony that she performed the [receptionist] job within 15 years of adjudication. Therefore, this job meets criteria for past relevant work. [¶] In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. The claimant's residual and functional capacity as described herein allows for performance of her past relevant work as a receptionist since this job falls within the parameters of light work as per the vocational expert's testimony. The vocational expert's testimony is being relied upon due to its consistency with the Dictionary of Occupational Titles and her familiarity with the legal requirements of our programs. (AR 15).

Contrary to plaintiff's assertion, the ALJ properly considered the physical and mental demands of plaintiff's past work as a receptionist. See 20 C.F.R. § 404.1560(b) ("We will first compare our assessment of your residual functional capacity with the physical and mental demands of your past relevant work."); 20 C.F.R. § 416.960(b)

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). If a claimant can do light work, he or she can also do sedentary work, unless there are additional limiting factors. Id.
The Court notes that plaintiff does not challenge the ALJ's determination about plaintiff's RFC.

3

(same); Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986) ("To determine whether a claim has the residual functional capacity to perform his past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with his present capacity.").

The ALJ properly relied on plaintiff's statements about her past receptionist work -- plaintiff stated that her job involved "message taking, greeting clients, scheduling, [r]eceptionist duties, copy and put together client files, order supplies, data entry, filing, pick up files from wherehouse (sic)"; that each day she walked for one hour, stood for three hours, sat and wrote, typed or handled small objects for eight hours, stooped and knelt for two hours, crouched and reached for four hours, and did not climb, crawl or handle, grab, or grasp big objects; that she had to carry file folders approximately fifty feet and carry boxes of files approximately one hundred feet; that fifty pounds was the heaviest weight she lifted; and that she frequently lifted less than ten pounds (see 1 AR 141, 156) -- in assessing the physical and mental demands of that work. See Social Security Ruling 82-62 ("The claimant is the primary source for vocational documentation, and statements by the claimants regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work).

While plaintiff focuses on her limitations in pushing/pulling with the left upper and left lower extremities and in gripping/grasping with the left upper extremity (see Plaintiff's Brief at 2-3, 5), those tasks were not included in the job description provided by plaintiff, and according to medical records plaintiff is right-handed (see 1 AR 254). Plaintiff failed to show that her RFC prevented her from doing her past receptionist work. See Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001)("At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work."). Thus, the ALJ did not err in finding that plaintiff can perform her past receptionist work based on the comparison between her RFC and the physical and mental demands of such work.

Moreover, the ALJ properly relied on the vocational expert's testimony that a person with plaintiff's RFC could perform the job of receptionist using a description consistent with the Dictionary of Occupational Titles ("DOT")[3] (see 1 AR 46-48). See 20 C.F.R. § 404.1560 (b)(2) ("We may use the services of vocational experts . . . or other resources, such as the "Dictionary of Occupational Titles" . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. . . . [A] vocational expert . . . may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.'"); 20 C.F.R. § 404.960(b)(2) (same). Plaintiff, relying on the description of "strength" needed for a receptionist,[4] argues that her limitations (occasionally pushing and pulling with the left upper extremity and left lower

---

[3] The vocational expert cited DOT 323.687-014 which defines the duties of a receptionist as follows:
> Receives callers at establishment, determines nature of business, and directs callers to destination: Obtains caller's name and arranges for appointment with person called upon. Directs caller to destination and records name, time of call, nature of business, and person called upon. May operate PBX telephone console to receive incoming messages. May type memos, correspondence, reports, and other documents. May work in office of medical practitioner or in other health care facility and be designated Outpatient Receptionist (medical ser.) Or Receptionist, Doctor's Office (medical ser.). May issue visitor's pass when required. May make future appointments and answer inquiries [INFORMATION CLERK (clerical) 237.367-022]. May perform variety of clerical duties [ADMINISTRATIVE CLERK (clerical) 219.362-010] and other duties pertinent to type of establishment. May collect and distribute mail and messages.

[4] The following paragraph is located under the description of the duties of a receptionist contained in DOT 237.367-038:
> STRENGTH: Sedentary Work - Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1;3 of the time) and/or negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

extremity and occasionally gripping and grasping with left upper extremity) renders her unable to perform the work as a receptionist, as such work requires exerting a negligible amount of force frequently (push and pull) and handling frequently. Plaintiff claims that as a result of her limitations she would be relegated to performing her job as a "one handed worker" and therefore would not be able to do various receptionist tasks (operate PBX telephone console to receive incoming messages; type memos, correspondence, reports, and other documents; or collect and distribute mail and messages). (Plaintiff's Brief at 4-5).

Contrary to plaintiff's assertion, the job of receptionist as described in DOT 237.367-038 is not inconsistent with plaintiff's RFC. Since there is an "and/or" before the words "a negligible amount of force frequently," a receptionist may not have to use a "negligible amount of force frequently." Moreover, the description plaintiff relies on refers to the strength factor required for sedentary work, which is less than the strength factor required for light work (which the ALJ found petitioner capable of doing). See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, 1993 Edition (noting that the assessment of physical demands "is focused primarily on the physical demands of the job–not the physical capacities of the worker"). Moreover, by not challenging the ALJ's finding that she can perform light work, plaintiff implicitly admits that she can perform sedentary work, and that at the very least she can exert a "negligible" amount of force.

In any event, even if the ALJ erred in finding that plaintiff can perform her past relevant work as a receptionist based on the vocational expert's testimony using the DOT description, the ALJ's finding is harmless in light of the ALJ's other finding that plaintiff can perform her past relevant work as a receptionist (relying on plaintiff's statements of her past work). See Social Security Ruling 82-61 ("[A] claimant will be found to be 'not disabled when it is determined that he or she retains the RFC to perform: 1. The actual functional demands and job duties of a particular past relevant job; *or* 2. The functional

| | |
|---|---|
| 1 | demands and job duties of the occupation as generally required by employers throughout |
| 2 | the national economy."); <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993) ("[S]ince |
| 3 | [the plaintiff] failed to show he was unable to return to his previous job as a receiving |
| 4 | clerk/inspector, the burden of proof remained with [the plaintiff]. The vocational expert's |
| 5 | testimony was thus useful, but not required."); <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, |
| 6 | 1038 (stating that an ALJ's error is harmless "when it is clear from the record that . . . it |
| 7 | was 'inconsequential to the ultimate nondisability determination.'"). |

**ORDER**

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED: May 3, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE